United States District Court
Middle District of Florida
Jacksonville Division

**JOSEPH PARROTT SR.,**

    *Plaintiff,*

v.                                                              **NO. 3:26-cv-142-JEP-PDB**

**HUMANA MEDICAL PLAN, INC., ETC.,**

    *Defendants.*

---

## Order

On February 13, 2026, the court struck the plaintiff's complaint as a "shotgun" pleading and directed him to file an amended complaint by March 9, 2026. Doc. 4.

On March 5, 2026, the plaintiff filed a paper titled, "Motion to Compel Response / Notice of Noncompliance," and, "Final Amended Complaint." Doc. 5. He includes the February 13 order, *see* Doc. 5-1 at 1–2; a January 2026 letter to HCA Healthcare, *see* Doc. 5-1 at 3–4; and a November 2025 certified mail receipt, *see* Doc. 5-1 at 5. He brings two claims: (1) "Subrogation / Recovery Coordination" and (2) "Damages for Ongoing Medical Harm / Procedural Delay." Doc. 5 at 2. He contends, "This Court has jurisdiction under applicable federal statutes, including the Employee Retirement Income Security Act (ERISA), to the extent applicable, and federal question jurisdiction over claims involving subrogation and medical benefit coordination." Doc. 5 at 2.

In the prayer for relief, he demands damages and other relief:

### 17. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Compel Defendants to respond to this complaint and provide requested documentation within fourteen (14) days. B. Order Defendants to participate in mediation for resolution of subrogation and reimbursement. C. Grant Plaintiff damages, costs, and any other relief the Court deems just and proper.

Doc. 5 at 3.

The court construes the paper as an amended complaint filed in response to the February 13 order. The court **directs** the clerk to terminate the motion and to correct the docket to reflect that the paper is an amended complaint.

If a plaintiff is proceeding without prepayment of fees and costs, a court "shall" dismiss the action if at any time the court determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

A complaint that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim on which relief may be granted, "a plaintiff must plausibly allege all the elements of the claim for relief." *Reach Air Med. Services LLC v. Kaiser Found. Health Plan Inc.*, 160 F.4th 1110, 1117 (11th Cir. 2025) (alteration and quoted authority omitted). The plaintiff must allege facts—as opposed to legal conclusions—accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An example of an alleged fact is, "The light was red." An example of a legal conclusion is, "The driver was negligent."

2

Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); and, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count," *id.*

A complaint that violates the pleading rules is a "shotgun" pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Generally speaking, four types of shotgun pleadings exist: (1) a pleading in which a count adopts the allegations of a previous count; (2) a pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular" claim for relief; (3) a pleading that fails to separate claims for relief into different counts; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission or which claim is brought against which defendant. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The Eleventh Circuit Court of Appeals has "roundly, repeatedly, and consistently" condemned shotgun pleadings. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014) (quoting *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008)). Litigants without lawyers are given more leeway in drafting pleadings than litigants with lawyers, but still must follow the procedural rules, including the rules against shotgun pleadings. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1208 (11th Cir. 2019).

Under Local Rule 1.08(a) and (b), "each pleading, motion, or other paper, excluding an exhibit, an attachment, a transcript, an image, or other

addendum, must conform to [typography] requirements." The rule ensures readability and equal content within page limits. The Local Rules are available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules-effective-november-01-2025.pdf. The typography requirements include double-spacing, specific typefaces, and, generally, a 13-point font.

The amended complaint remains deficient in the same way as the original complaint—it is a shotgun pleading because, for each claim, the plaintiff improperly realleges all previous paragraphs. *See* Doc. 5 at 2. The amended complaint also fails to make clear who the plaintiff is suing, *see* Doc. 5 ¶ 2 ("Defendants include Humana Medical Plan, Inc., EXL-HCA, and any related entities involved in the management, payment, or subrogation of Plaintiff's medical benefits."), and under what law or laws he is suing, *see* Doc. 5 at 2. The amended complaint also violates Local Rule 1.08.

The court **strikes** the amended complaint, Doc. 5, and will provide the plaintiff a final opportunity to file a complaint that complies with the rules. By **April 8, 2026**, the plaintiff must file a second amended complaint in accord with this order. He must not incorporate all previous paragraphs into each count. He must make clear who he is suing and under what laws. Each defendant must be able to read the second amended complaint and understand what claim or claims is being brought against that particular defendant and the factual allegations supporting each claim or claims. If he is unable to comply with the typography requirements of Local Rule 1.08, he may move to suspend the rule.

**Failure to comply with this order will result in a recommendation of dismissal.** If the time period for suing has passed, the

4

dismissal would operate as a dismissal with prejudice, which would prevent the plaintiff from litigating his claims now and in the future.

The court's website offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

**Ordered** in Jacksonville, Florida, on March 11, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:      Joseph Parrott Sr.
7643 Gate Parkway, Suite 104-890
Jacksonville, FL 32256