United States District Court
Middle District of Florida
Jacksonville Division

**JOSEPH PARROTT SR.,**

    *Plaintiff,*

v.                                    **NO. 3:26-cv-142-JEP-PDB**

**HUMANA MEDICAL PLAN, INC., ETC.,**

    *Defendants.*

---

## Order

The plaintiff proceeds without a lawyer and without prepaying fees. *See* Doc. 4. The court directed him to file an amended complaint that complies with the rules. Doc. 6. He timely filed an amended complaint, Doc. 11, but the amended complaint remains deficient.

To proceed, the plaintiff, by **June 26, 2026**, must file a fourth amended complaint in accord with the law and directives that follow. **Failure to comply with this order will result in a recommendation of dismissal.** If the time to sue has passed, the dismissal would operate as a dismissal with prejudice, preventing the plaintiff from litigating his claims now and in the future.

Federal district courts may decide only actions over which they have jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "A pleading that states a claim for relief must contain … a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). When the court's jurisdiction may be lacking, the court must inquire into whether it exists.

*Greater Birmingham Ministries v. Sec'y of State for Ala.*, 992 F.3d 1299, 1316 (11th Cir. 2021).

A federal district court may have "federal-question jurisdiction," "diversity jurisdiction," or jurisdiction under a specific statutory grant. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

The federal-question-jurisdiction statute permits a federal district court to exercise jurisdiction over a civil action "arising under" federal law. 28 U.S.C. § 1331. An example of a civil action arising under federal law is a civil action claiming a violation of the Employee Retirement Income Security Act of 1974 (ERISA).

The diversity-jurisdiction statute permits a federal district court to exercise jurisdiction over a civil action between citizens of different states involving an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1). An example of a civil action over which a court would have diversity jurisdiction is a civil action between a Florida citizen and a Georgia citizen claiming $76,000 in damages for breach of contract under Florida common law.

A natural person's citizenship is equivalent to domicile, which requires two things: (1) residence in a state and (2) an intent to remain there indefinitely. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). A corporation is a citizen of every domestic or foreign state of incorporation and the domestic or foreign state of its principal place of business. 28 U.S.C. § 1332(c)(1). An unincorporated entity, such as a limited liability company (LLC), "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenship of an LLC, a party

must identify each member and the citizenship of each member. *Id.* If a member is also an LLC or other unincorporated entity, its members must also be identified, continuing through however many layers of members there are. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

If a plaintiff is proceeding without prepayment of fees and costs, a court "shall" dismiss the action if at any time the court determines the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim on which relief may be granted, "a plaintiff must plausibly allege all the elements of the claim for relief." *Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc.*, 160 F.4th 1110, 1117 (11th Cir. 2025) (alteration and quoted authority omitted). To decide if a plaintiff shows he is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and only the factual allegations—state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An example of an alleged fact is, "The light was red." An example of a legal conclusion is, "The driver was negligent."

Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).

As explained, *see* Doc. 6 at 3–4, under Local Rule 1.08(a) and (b), "each pleading, motion, or other paper, excluding an exhibit, an attachment, a transcript, an image, or other addendum, must conform to [typography] requirements." The rule ensures readability and equal content within page limits. The typography requirements include specific typefaces and fonts, including a 14-point font for the Times New Roman typeface.

The third amended complaint is deficient for the following reasons. The plaintiff fails to include a sufficient statement of the grounds for the court's jurisdiction, stating only that "[t]his is an action for damages exceeding the jurisdictional limits of this Court." Doc. 11 ¶ 1. He again fails to make clear under what law or laws he is suing. *See* Doc. 11. Is he trying to bring an ERISA claim? If so, he must allege facts explaining whether the health plan was provided by his employer (and therefore governed by ERISA) and what each defendant did wrong under ERISA or the terms of the plan. If not, and if he is not trying to bring a claim under another federal law, he must allege facts establishing diversity jurisdiction: his citizenship in one state, the defendants' citizenships in another state or states, and an amount in controversy exceeding $75,000. The third amended complaint also violates Local Rule 1.08.

In the fourth amended complaint, the plaintiff must include a short and plain statement of the grounds for the court's jurisdiction and a short and plain statement of each claim showing he is entitled to relief. He must make clear under what law or laws he is suing and must state each claim in a separate count. He must not reallege all preceding paragraphs as he did in previous complaints. *See* Docs. 1, 5. For each claim, he must incorporate only the factual allegations that support the specific claim. He must comply with the

typography requirements of Local Rule 1.08; or, if he is unable to comply, he may move for its suspension.

The court's website (www.flmd.uscourts.gov) offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. You may also get a copy of the guide at the clerk's office. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, the plaintiff may contact the clerk's office at (904) 549-1900 or visit the clerk's office check-in window located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202. A brochure with more information about the program is available on the court's website (www.flmd.uscourts.gov/legal-information-program).

**Ordered** in Jacksonville, Florida, on May 26, 2026.

*Patricia D. Barksdale*

Patricia D. Barksdale
*United States Magistrate Judge*

c:      Joseph Parrott Sr.
        7643 Gate Parkway, Suite 104-890
        Jacksonville, FL 32256

5