United States District Court
Middle District of Florida
Jacksonville Division

**JOSEPH PARROTT SR.,**

***Plaintiff,***

**v.** **NO. 3:26-cv-142-JEP-PDB**

**CITY OF JACKSONVILLE, FLORIDA,**

***Defendant.***

---

## Order

The plaintiff, proceeding without a lawyer and without prepaying fees, *see* Doc. 4, has amended the complaint four times in response to the court's direction to file an amended complaint that complies with the rules. *See* Docs. 4, 6, 10, 12. In the first four complaints, he sued corporate defendants, asserting claims relating to medical expenses from an October 2020 car accident. *See* Docs. 1, 5, 7, 11. In the fourth amended complaint, he now sues the City of Jacksonville, asserting claims for alleged negligence and violations of his constitutional rights, arising from the same car accident. Doc. 16.

Considering the change in the defendant and nature of the claims in the fourth amended complaint, and that the plaintiff proceeds without a lawyer, the court will provide him **one final opportunity** to file an amended complaint.

To proceed, the plaintiff, by **October 14, 2026**, must file a fifth amended complaint in accord with the law and directives that follow. **Failure to**

**comply with this order will result in a recommendation of dismissal.** Because the time period for suing has likely passed for at least one of the plaintiff's claims, the dismissal may operate as a dismissal with prejudice, preventing the plaintiff from litigating that claim now and in the future.

The plaintiff is encouraged to use the resources for unrepresented litigants available on the court's website (www.flmd.uscourts.gov), including a *Guide for Proceeding Without a Lawyer*. A copy of the guide is also available at the clerk's office. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, the plaintiff may contact the clerk's office at (904) 549-1900 or visit the clerk's office check-in window located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202. A brochure with more information about the program is available on the court's website (www.flmd.uscourts.gov/legal-information-program).

**1.**

Federal district courts may decide only actions over which they have jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "A pleading that states a claim for relief must contain … a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**2.**

Under the "federal-question jurisdiction" statute, a federal district court has original jurisdiction over a civil action "arising under" federal law. 28 U.S.C. § 1331. An example of a civil action arising under federal law is one under 42 U.S.C. § 1983 alleging a government actor's violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**3.**

Under the supplemental jurisdiction statute, in a civil action of which a federal district court has original jurisdiction, the court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[F]or a federal court to invoke supplemental jurisdiction … it must first have original jurisdiction over at least one claim in the action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005).

**4.**

If a plaintiff is proceeding without prepaying fees or costs, a court "shall" dismiss the action if at any time the court determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**5.**

A complaint that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). To state a claim on which relief may be granted, "a plaintiff must plausibly allege all the elements of the claim for relief." *Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc.*, 160 F.4th 1110, 1117 (11th Cir. 2025) (alteration and quoted authority omitted). To decide if a plaintiff shows he is entitled to relief, a court will consider only factual allegations, will disregard legal conclusions, and will ask whether the factual allegations—and only the factual allegations—state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An example of an alleged fact is, "The light was red." An example of a legal conclusion is, "The driver was negligent."

**6.**

Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" *Id.*

**7.**

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of a federal right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred," such as rights created by the United States Constitution. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). Thus, a plaintiff must "identify the specific constitutional right allegedly infringed." *Id.*

"Local governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978) (footnote omitted).

**8.**

In the fourth amended complaint, under "jurisdiction," the plaintiff alleges, "Defendant's actions, including the alleged withholding of requested public records, the handling of Plaintiff's administrative claim, and the alleged deprivation of procedural protections, violated rights secured by the Constitution and laws of the United States, as more fully alleged in the counts below." Doc. 16 at 2. He then identifies only one count for negligence. *See* Doc. 16 at 15. He fails to identify any specific constitutional right allegedly violated or allege facts that would amount to a constitutional violation.

**9.**

In the fifth amended complaint, the plaintiff must include a short and plain statement of the grounds for the court's jurisdiction and a short and plain statement of each claim showing he is entitled to relief. He must state each claim in a separate count. He must make clear under what law he is suing; i.e., if he asserts an alleged violation of a constitutional right, he must identify the specific constitutional right allegedly violated. He must not re-allege all preceding paragraphs as he did in previous complaints. *See* Docs. 1, 5. For each

claim, he must incorporate only the factual allegations that support the specific claim.

**Ordered** in Jacksonville, Florida, on September 21, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

c: Joseph Parrott Sr.
7643 Gate Parkway, Suite 104-890
Jacksonville, FL 32256